UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          No. 3:20-CR-30005

KERRY OWEN PARKS                                                                            DEFENDANT

**ORDER AND OPINION**

Before the Court is Defendant Kerry Owen Parks's motion (Doc. 29) requesting judicial recommendation.  Parks requests a court recommendation to the Bureau of Prisons ("BOP") that he be placed in a residential re-entry center ("RRC") for a period of 12 months prior to the end of his sentence, the maximum period allowed.  The Government has filed a response (Doc. 30).  For the reasons set forth below, Parks's motion will be DENIED.

**I.      Background**

On March 4, 2020, Parks was named in a two-count indictment charging him with one count of knowingly making a firearm in violation of the National Firearms Act and one count of knowingly possessing an unregistered firearm.  On June 11, 2020, Parks pled guilty to count one of the indictment.  Parks committed the offense of conviction while under a criminal judicial sentence in three separate state criminal cases.  Though the sentencing guidelines recommended a sentence of 110 to 120 months, the Court granted Parks a downward variance.  On October 7, 2020, Parks was sentenced to 60-months imprisonment and a 3-year term of supervised release.  Parks's projected release date is December 5, 2023.

In support of his request for judicial recommendation, Parks states he has very limited resources to return to, minimal support in the area, is being released in an area where there are limited community resources for ex-offenders returning to society, he requires time to build a sufficient amount of savings to support himself post-release, and due to his prison sentence, "where

1

he has been and will be away from society for several years," he requires transitional training to achieve a successful and permanent re-entry into society. (Doc. 29, ¶¶ 5-8). Parks also points to the fact that he has completed many rehabilitation programs while in the BOP, including the Non-Residential Drug Abuse Program, the Money Management course, and the Residential Drug Abuse Program, and has continuously maintained work assignments and an exemplary disciplinary record. In response, the Government argues that time spent in incarceration is important to reflect the seriousness of the offense and deter future conduct of Parks, and it anticipates that Parks will receive 6 months in a RRC before being placed on supervised release.

## II.     Legal Standard

To the extent practical, the BOP is directed to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C.A. § 3624(c)(1). "Such conditions may include a community correctional facility." *Id.* Though the sentencing court may make a recommendation to the BOP regarding placement of a prisoner in a particular community correctional facility, the BOP is not bound by any recommendation, and a court recommendation is only one of five factors the BOP must consider when making a determination regarding the placement of a prisoner. 18 U.S.C.A. § 3621(b).

## III.    Discussion

The Court begins by noting that Parks received a significant downward variance and was sentenced to a term of imprisonment of 60 months; he now requests that the Court recommend he spend 20 percent this time in a RRC. The Court agrees with the Government that such a recommendation would not reflect the seriousness of the offense nor serve as adequate deterrent

in light of Parks's extensive criminal history.  Though Parks has completed many rehabilitation courses while incarcerated, it is the Court's view that these courses will greatly assist him in his transition back to society and do not on their own warrant a judicial recommendation for a longer period of RRC placement.  Parks has not presented any other unique circumstances which persuade the Court that a recommendation for a longer period of RRC placement is warranted.

The above notwithstanding, though the Court will not recommend Parks receive a longer period of RRC placement, nor will the Court recommend against it.  Instead, the Court will leave to the BOP the discretion to consider these circumstances and others without sentencing court input when deciding whether and how long to place Parks in a RRC.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Parks's motion (Doc. 29) for judicial recommendation is DENIED.

IT IS SO ORDERED this 6th day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE